## VIADER v. QUIÑONES.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 88.—Resuelto en Diciembre 21, 1904.

HIPOTECA—PROCEDIMIENTO PARA SU EJECUCIÓN.—La elección del procedimiento para el cobro de créditos garantizados con hipotecas, no puede quedar al

arbitrio de la parte ejecutante, la que deberá ajustarse á la Ley Hipotecaria y su reglamento, que establecen y regulan el procedimiento para el cobro de esos créditos, y que derogó el establecido en la Ley de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del Tribunal.

La presente es una demanda entablada por el Sr. Viader como cesionario de un crédito hipotecario, contra la Señora Quiñones de Laza, como deudora hipotecaria, para cobrar un balance vencido sobre dicha hipoteca, montante á cuatrocientos ochenta ($480) dollars capital, y doscientos ochenta y ocho ($288) intereses, montando en junto á la suma de setecientos sesenta y ocho ($768) dollars.

Se dió principio á la tramitación por un embargo, bajo el Código de Enjuiciamiento Civil, para ejecución de una hipoteca que pesaba sobre una casa y solar en Caguas perteneciente á la Señora Quiñones de Laza, y se dictó sentencia contra ella en 10 de Junio de 1902, desestimando las excepciones tomadas por ella, como demandada, disponiendo dicha sentencia que se ejecutara la hipoteca siguiendo los procedimientos hasta la venta del bien embargado al postor que más ofreciera, pagando, con el resultado de dicha subasta, el capital, los intereses y las costas.

Contra esta sentencia se interpuso recurso de apelación para ante esta Corte, actuando el Licenciado Alvarez Nava, en representación del apelante, y el Licenciado Jacinto Texidor, en representación del apelado.

A la sentencia de la Corte inferior se hicieron cinco objeciones, como fundamento del presente recurso. Pero visto el error fundamental cometido, es necesario considerar solamente uno de ellos.

El demandante en la presente causa sostiene que estando su crédito garantido por una hipoteca tiene el derecho de pro-

ceder de acuerdo con la Ley Hipotecaria, ó con el Código de Enjuiciamiento Civil, según le fuera más conveniente elegir.

En otras ocasiones esta Corte ha resuelto que cuando un crédito está garantido por hipoteca sobre bienes inmuebles, para cobrar tal crédito debe seguirse el procedimiento estable· cido en la Ley Hipotecaria, de acuerdo con las disposiciones del Artículo No. 168 del Reglamento de dicha ley. En un dictá- men del Sr. Juez Presidente, esta Corte dice:

"*Considerando:* que siendo la base de este juicio el cobro de un crédito hipotecario constituido por escritura pública de fecha ca- torce de Octubre de mil ochocientos noventa y nueve, cuando ya estaba vigente la Ley Hipotecaria que establece y regula el procedimiento por el cual se deducen el cobro de esos créditos; el procedimiento utilizado para él resulta vicioso é ineficaz por cuanto las dispo- siciones de la Ley de Enjuiciamiento Civil, que el demandante ha utilizado para reclamar sus derechos, no son de aplicar en ese caso, si hay una ley postérior que las derogue, como ocurre en el presente juicio; no pudiendo quedar, á solicitud de la parte, la elección del pro- cedimiento."

Véase la causa de Pizá Hermanos contra Mariano Alfaro Diaz, sentencia dictada en tres de Junio de 1904, en un recurso de apelación interpuesto contra sentencia de la Corte de Dis- trito de Ponce.

Nosotros no vemos motivo alguno que justifique una revo- cación de la doctrina sentada por dicha resolución y de acuerdo con la misma, debemos sostener que la sentencia dictada en este caso debe revocarse, y desestimarse la demanda, sin per- juicio de los derechos del demandante á proceder, para el cobro de su crédito, de acuerdo con las disposiciones de la Ley Hipotecaria.

*Resuelto de conformidad.*

Jueces concurrentes: Srs. Presidente Quiñones, y Asocia- dos, Hernández, Figueras y Wolf.